**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICHAEL MARKSBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff, | ) | |
| v. | ) | Case No. |
| FCA US LLC f/k/a/ CHRYSLER GROUP LLC, and LANDERS MCLARTY OLATHE K.S., LLC, d/b/a OLATHE DODGE CHRYSLER JEEP RAM<br><br>Defendants. | ) | |

**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**

Defendant FCA US LLC ("FCA US"), pursuant to 28 U.S.C. §§ 1332, 1441 1446, and 1453, and in compliance with Local Rule 81.1, hereby removes this case to this Court. As set forth below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

## I. BACKGROUND

### A. The Petitions/Complaints Filed In State Court.

1. On November 16, 2018, Plaintiff Michael Marksberry filed a Petition for Damages in the District Court of Johnson County, Kansas Civil Division, in the State of Kansas against FCA US and Landers McLarty Olathe KS, LLC, d/b/a Olathe Dodge Chrysler Jeep Ram ("Olathe Dodge"), known and numbered as *Marksberry v. FCA US LLC et. al.*, Case No. 18CV06439 ("State Court Action"). FCA US was served with process in the State Court Action on November 27, 2018. A copy of the Petition is attached hereto as Exhibit 1.

2. On November 22, 2019, pursuant to an order of the state court granting leave, Plaintiff filed an Amended Petition for Damages which was served on FCA US on that same date. A copy of the Amended Petition is attached hereto as Exhibit 2. In the Amended Petition, Plaintiff added, for the first time, "Class Action Allegations" seeking to represent a nationwide class defined as follows:

> "All persons who purchased a vehicle from Defendant FCA US LLC and were provided a Lifetime Powertrain Limited Warranty on or after October 31, 2009."

*Id.*, ¶ 43.

**B. <u>Allegations About Plaintiff And The Claims Pleaded In The Amended Petition.</u>**

3. Plaintiff purchased a model-year 2009 Dodge Ram 1500 on October 31, 2009 from Olathe Dodge which came with a Lifetime Powertrain Limited Warranty ("Powertrain Warranty") promising to cover the cost of parts and labor associated with the repair of specifically listed powertrain components. *See* Amended Petition, ¶¶ 12-16. The express terms of the Powertrain Warranty stated that to keep it in effect a vehicle owner must have a powertrain inspection performed by an authorized FCA US dealer once every five years from the in-service date. *Id.* at ¶ 16. Plaintiff did not have the required powertrain inspection performed on his vehicle, and thus, in April 2016, he had to pay $1,323.53 to repair a powertrain component. *Id.* at ¶¶ 22-24.

4. Plaintiff claims that FCA US is liable to him and the members of the putative class because it concealed the requirements regarding the need for an inspection to keep the Powertrain Warranty effective, and this resulted in the improper cancellation of these warranties. *See*, *generally*, Amended Complaint.

5. Plaintiff pleads five claims on behalf of himself and the class. *Id.* at ¶¶ 52-100. These claims are for: violations of the Kansas Consumer Protection Act (Count I); violation of

the Magnuson-Moss Warranty Act (Count II); breach of implied warranty of merchantability (Count III); fraud (Count IV); and injunctive relief (Count V).

6. For relief, Plaintiff seeks an "amount as is allowable by law and to be determined at trial"; "diminution of value of the subject vehicle"; "reasonable attorneys' fees"; and a "permanent injunction" to compel "Chrysler to honor all Lifetime Limited Powertrain Warranties it has issued." *See* Amended Petition ("Wherefore" Clauses).

**C. <u>The Amount in Controversy.</u>**

7. The value of this case well exceeds this Court's $5,000,000 threshold. The class encompasses approximately 26,000 vehicles (*i.e.*, vehicles sold by FCA US nationwide after October 31, 2009 that came with a Lifetime Powertrain Limited Warranty). Plaintiff seeks an unspecified amount of damages and to compel FCA US to honor a Powertrain Warranty even if it has been voided due to non-compliance with the inspection clause in it. If the value of the claims at issue were measured based only on Plaintiff's own purported "damages" associated with having to pay for a repair that would have been covered by a still-valid Powertrain Warranty, the value of this case would exceed $34,000,000 (26,000 vehicles x $1,323.53 repair costs = $34,411,780). And, if the value of this case is measured by the value a consumer receives in having a lifetime powertrain limited warranty the amount in controversy would exceed $50,000,000 because during the time frame at issue the manufacturer's suggested retail price for a separately purchased powertrain limited warranty ranged from $1,940 to $2,070 (26,000 vehicles x $1,940 cost of warranty = $50,440,000). And, to determine the final value of this case an amount for the claimed attorneys' fees would have to be added.

## II. GROUNDS FOR REMOVAL

8. This Court has jurisdiction of this case under 28 U.S.C. § 1332(d)(2), commonly referred to as the Class Action Fairness Act ("CAFA"). Under CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

9. Plaintiff is a citizen of the State of Kansas, and class members reside in every state in the country. *See* Amended Petition, ¶ 8. FCA US is a citizen of the State of Delaware under whose laws it was organized and the State of Michigan where it has a principal place of business. Thus, the minimal diversity requirements of CAFA are satisfied. *See* 28 U.S.C. §§ 1332(d)(2)(A).

10. There are more than 100 members of the putative class as required by 28 U.S.C. § 1332(d)(2)(5)(b). Indeed, approximately 26,000 persons fit within the proffered class definition.

11. The amount put into controversy by Plaintiff's claims for relief far exceeds the sum or value of $5,000,000, exclusive of costs and interest. *See supra.*

12. Because there is minimal diversity, greater than 100 putative class members, and the matter in controversy exceeds the sum of $5,000,000, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

13. No statutory exception to CAFA jurisdiction applies.

## III. REMOVAL IS PROPER AND TIMELY

14. This Notice of Removal is filed within thirty days of November 22, 2019, the date on which FCA US was first served with the Amended Petition which, for the first time, pleaded

claims on behalf of a class. *See* Amended Petition, ¶¶ 42-51. Thus, this removal is timely. *See* 28 U.S.C. § 1446(b)(1).

15. The docket from the State Court Action is attached hereto as Exhibit 3, and, pursuant to 28 U.S.C. § 1446(a), a copy of all other process, pleadings, filings, and orders served on FCA US in the State Court Action are attached hereto as Exhibit 4.

16. In compliance with Local Rule 81.1(c), FCA US will promptly file a copy of this Notice of Removal with the clerk of the District Court of Johnson County in the state of Kansas, and provide written notice of the removal to all counsel of record.

17. The United States District Court for the District of Kansas embraces the county and court in which Plaintiff filed this case. 28 U.S.C. § 96. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, the above described action now pending against FCA US in the District Court of Johnson County in the State of Kansas is removed to the United States District Court for the District of Kansas.

Dated: November 25, 2019

Respectfully submitted,

By: *s/ Scottie S. Kleypas*

**ROBERT A. KUMIN, P.C.**
Craig S. Laird (KS #25266)
claird@kuminlaw.com
Scottie S. Kleypas (KS #20650)
skleypas@kuminlaw.com
6901 Shawnee Mission Parkway, Suite 250
Overland Park, Kansas 66202
T: (913) 432-1826
F: (913) 236-7115

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 25th day of November, 2019, a copy of the foregoing was electronically filed with the Court using CM/ECF system which will cause this document to be served on all counsel. In addition, a copy of the foregoing was sent by electronic and first class mail to:

Bryce B. Bell
Mark W. Schmitz
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Bryce@BellLawKC.com
MS@BellLawKC.com
*Attorneys for Plaintiff*

Thomas M. Ahlbrandt
Cory R. Buck
Case Linden P.C.
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Thomas.Ahlbrandt@caselinden.com
Cory.buck@caselinden.com
*Attorneys for Olathe Dodge*

*s/ Scottie S. Kleypas*
Scottie S. Kleypas (KS #20650)