## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL MARKSBERRY, individually
and on behalf of a class of similarly situated
individuals,

       *Plaintiff,*

  vs.

FCA US LLC f/k/a CHRYSLER GROUP
LLC and LANDERS MCLARTY OLATHE
KS, LLC, d/b/a OLATHE DODGE
CHRYSLER JEEP RAM,

       *Defendants.*

Case No. 19-2724-EFM-JPO

## MEMORANDUM AND ORDER

Plaintiff Michael Marksberry brings a claim under the Kansas Consumer Protection Act ("KCPA") against Defendants FCA US LLC ("Chrysler") and Landers McLarty Olathe KS, LLC ("Olathe Dodge"). Plaintiff also brings four additional claims, on behalf of himself and others similarly situated, against Defendant Chrysler, including a claim under the Magnuson-Moss Warranty Act ("MMWA"), breach of implied warranty of merchantability, common law fraud, and injunctive relief. Both Defendants filed a Motion to Dismiss (Docs. 12, 14) asserting that Plaintiff fails to state a claim. For the reasons stated in more detail below, the Court denies both motions.

## I.     Factual and Procedural Background[1]

Plaintiff originally filed a Petition and an Amended Petition in state court against Defendants Chrysler and Olathe Dodge.  Defendants removed the case to this Court on November 25, 2019.  In the Amended Petition, Plaintiff alleges that he purchased a 2009 Dodge Ram 1500 ("Ram") on October 31, 2009, from Olathe Dodge.  The Ram came with a Lifetime Powertrain Limited Warranty ("Warranty") which covered costs of all parts and labor needed to repair powertrain components defective in workmanship and materials.  Chrysler began issuing this Warranty in 2007.

The Warranty only covers the first registered owner or lessee of the Ram.  In addition, the Warranty includes the following language:

> **Inspections**
> In order to maintain the Lifetime Powertrain Limited Warranty, the person or entity covered by this Powertrain Limited Warranty must have a powertrain inspection performed by an authorized Chrysler, Dodge, or Jeep dealer once every 5 years. This inspection will be performed at no charge.  The inspection must be made within sixty (60) days of each 5 year anniversary of the in-service date of the vehicle.  You must have the inspection performed to continue this coverage.  For your convenience, powertrain inspection logs have been provided.  You should use these logs to keep track of each 5 year powertrain inspection interval.

Since the date of purchase, Plaintiff took his Ram to Olathe Dodge every 3,000 miles for routine service and inspections.  On December 22, 2014, Plaintiff took the Ram to Olathe Dodge for an oil change.  During the oil change, Olathe Dodge performed a 23-point inspection of the Ram.  Plaintiff did not know that a powertrain inspection was not included.

---

[1] The facts are taken from the Amended Petition and are stated in the light most favorable to Plaintiff, the non-moving party.

In April 2016, Plaintiff noticed his Ram making strange ticking noises. On May 7, 2016, he brought it to Olathe Dodge for an inspection. Olathe Dodge found broken bolts in or on the exhaust manifold. On May 10, 2016, Plaintiff paid $1,323.53 to repair the bolts because Chrysler and/or Olathe Dodge would not honor the Warranty. At the time of the repair, the Ram had less than 56,000 miles.

The exhaust manifold issue was ongoing in 2009 Dodge Ram 1500 engines. On February 17, 2011, Chrysler sent a Technical Service Bulletin ("TSB") to all Chrysler, Dodge, and Jeep dealerships in the United States. Olathe Dodge received the TSB. It did not, however, inform Plaintiff of the TSB or mechanical issues despite Plaintiff routinely taking the Ram to Olathe Dodge for another four years. Plaintiff called Chrysler to inquire about the TSB and the exhaust manifold defects. Chrysler informed Plaintiff that it was up to Olathe Dodge to decide if the repairs would be reimbursed. Plaintiff called Olathe Dodge, and Olathe Dodge told Plaintiff that it was up to Chrysler to decide if the repairs would be reimbursed. Neither Chrysler or Olathe Dodge have reimbursed Plaintiff for the repair.

Plaintiff contends that Chrysler aggressively marketed its Warranty as a *Lifetime* Warranty but should have advertised it as a 5-year extendable warranty. Because Chrysler stated that it was a lifetime warranty, Plaintiff asserts that it was deceptive and fraudulent. Plaintiff alleges in the Amended Petition that any applicable statute of limitations have been equitably tolled by Chrysler's deceptive and fraudulent practices.

Plaintiff seeks to represent a class who purchased a vehicle, in the state of Kansas, from Chrysler and were provided a Warranty on or after October 31, 2009.[2]  Plaintiff alleges a total of five claims.  He asserts four claims on behalf of himself, and others similarly situated, against Chrysler.  These include: (1) violation of the KCPA, (2) violation of the MMWA, (3) breach of the implied warranty of merchantability, and (4) "injunctive relief."[3]  Plaintiff also individually asserts one claim for violation of the KCPA against Defendant Olathe Dodge.

Both Defendants filed a Motion to Dismiss.  As to the KCPA claim, they both contend that the statute of limitations has run and that Plaintiff fails to state a claim.  Defendant Chrysler also asserts that Plaintiff fails to state any other claim against it.  Finally, Defendant Chrysler alternatively argues that the class allegations should be dismissed.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[4]  The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[5]  A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[6]  Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford

---

[2] Plaintiff originally sought nationwide class certification but dropped that request in response to Defendant Chrysler's Motion to Dismiss.

[3] Plaintiff also originally included a claim for fraud but withdrew this claim.

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

such a presumption to legal conclusions.[7]  Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]  Generally, the Court is constrained by the allegations in the complaint when considering a motion to dismiss.  However, "a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."[10]

### III.    Analysis

**A.    Defendant Chrysler's Motion to Dismiss**

   *1.    KCPA Claim*

Defendant asserts that Plaintiff's KCPA claim and request for injunctive relief under the KCPA should be dismissed for three reasons.  First, Defendant contends that the three-year statute of limitations bars the claim.  Next, Defendant asserts that Plaintiff fails to state a claim because there is no deceptive act or practice pleaded.  Finally, Defendant states that Plaintiff's allegations fail to satisfy the heightened pleading standard under Fed. R. Civ. P. 9(b).

   *a.    Statute of Limitations*

---

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* at 678.

[9] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

[10] *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (citation omitted).

Plaintiff filed suit on November 16, 2018.  Defendant contends that the three-year statute of limitations began when Plaintiff purchased the Ram on October 31, 2009 and thus expired in 2012.  At the latest, Defendant argues that the statute of limitations began running in December 2014 when Plaintiff did not obtain an inspection as required by the warranty and thus expired in December 2017.  Plaintiff asserts that the statute of limitations did not begin running until he had to pay for the vehicle repair on May 10, 2016 because Defendants would not cover it under his lifetime warranty.  Alternatively, he claims that the May 10, 2016 repair constitutes another consumer transaction.  He therefore contends that his suit is timely.

A three-year statute of limitations is applicable to KCPA claims.[11]  "The Kansas Court of Appeals has determined that the statute of limitations under the KCPA begins 'running with the occurrence of the alleged conduct constituting the violation, not the discovery of the violations.'"[12] The statute of limitations begins to run when the consumer is "aggrieved."[13]  The District of Kansas has defined "aggrieved" as "the invasion of a legal right, 'denial of some personal or property right, or the imposition upon a party of some burden or obligation.'"[14]  In addition, the Kansas Court of Appeals has defined "aggrieved" as the time the plaintiff "suffered a loss" or when the plaintiff "paid for and received the object of the consumer transaction."[15]  However, the "accrual

---

[11] *Ormsby v. Imhoff & Assocs., P.C.*, 2014 WL 4248264, at *9 (D. Kan. 2014); *Golden v. Den-Mat Corp.*, 47 Kan. App. 2d 450, 276 P.3d 773, 788-89 (2012).

[12] *Ormsby*, 2014 WL 4248264, at *9 (citing *Campbell v. Hubbard*, 41 Kan. App. 2d 1, 201 P.3d 702, 706 (2008)).

[13] *Id.* (citing *Rinehart v. St. Luke's South Hosp., Inc.*, 2011 WL 3348234, at *9 (D. Kan. 2011) and *Golden*, 276 P.3d at 789); *see also Consolver v. Pistotnik*, 2017 WL 2715122, at *3 (Kan. Ct. App. 2017).

[14] *Rinehart*, 2011 WL 3348234, at *9 (citing *Finstad v. Washburn Univ.*, 252 Kan. 465, 845 P.2d 685, 691 (1993)).

[15] *Golden*, 276 P.3d at 789.

of a KCPA claim is not delayed until the consumer suffers or assesses the extent of actual monetary damages."[16]   Instead, "[t]he limitations period starts running when the consumer becomes aggrieved, even if he or she fails to recognize the harm."[17]

Here, to determine when the statute of limitations began running, the relevant question is when Plaintiff was aggrieved.  The Court concludes that the date is May 10, 2016.  On that date, Plaintiff sustained monetary damages because he had to pay to have the vehicle repaired instead of having it covered by the lifetime warranty.  Although the accrual of a claim under the KCPA is not delayed until its discovery or when the plaintiff suffers monetary damages, in this case, Plaintiff was "aggrieved" on the same date as discovery and the imposition of monetary damages. He was aggrieved on May 10, 2016 because he suffered a loss when the repair was not covered by the warranty.  In addition, he was denied the right to the warranty, and an obligation or burden was imposed upon him because he had to pay for the repair.  Prior to May 10, 2016, he had not been aggrieved.  Thus, because Plaintiff filed suit within three years of that date, his suit his timely and not barred by the statute of limitations.

> *b.      Failure to state a claim*

Defendant next asserts that Plaintiff fails to state a claim because there is no deceptive act or practice pleaded.  Plaintiff argues that he pleaded multiple deceptive acts.  The Court agrees with Plaintiff.

"The KCPA provides that an 'aggrieved consumer' may maintain a private right of action against a supplier if: (1) the supplier willfully failed to state a material fact; or (2) the supplier

---

[16] *Ormsby*, 2014 WL 4248264, at *9 (citations omitted).

[17] *Consolver*, 2017 WL 2715122, at *3 (citing *Four Seasons Apts. v. AAA Glass Service, Inc.*, 37 Kan. App. 2d 248, 152 P.3d 101 Syl. ¶ 10 (2007)).

willfully failed to state, concealed, suppressed, or omitted a material fact."[18]  Plaintiff's Amended Petition contains multiple allegations, with specific references, that Chrysler represented both orally and in written representations that the Warranty was a lifetime warranty when it was not. Plaintiff makes other allegations that Chrysler willfully failed to state a fact about the warranty's expiration.  Finally, Plaintiff also alleges unconscionability under the KCPA stating that Chrysler did not make it clear that it was Plaintiff's responsibility to request a powertrain inspection.  In short, Plaintiff adequately alleges a deceptive act under the KCPA.[19]

                       *c.*      *Rule 9(b) allegations*

Defendant also asserts that Plaintiff does not allege sufficient facts to rise to the level of pleading required by Fed. R. Civ. P. 9(b).  When "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[20]  This rule is applicable to "allegations of deceptive trade practices under the KCPA."[21]  "[A]n allegation of deceptive practices under the KCPA must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[22]

Here, Plaintiff alleges that Chrysler made these deceptive representations in late 2008, in its advertisements and brochures to consumers, and that the content included statements that the

---

[18] *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1100 (2013) (citing K.S.A. § 50-626(b)(3); K.S.A. § 50-634(a)).

[19] The Court notes that the parties are before the Court on a motion to dismiss.  At this point of the proceedings, the Court must view the facts as true and in the light most favorable to Plaintiff.

[20] Fed. R. Civ. P. 9(b).

[21] *Weckhorst v. Kan. State Univ.*, 241 F. Supp. 3d 1154, 1176 (D. Kan. 2017) (quotation marks and citations omitted).

[22] *Id.* (quotation marks and citation omitted).

vehicle came with a lifetime powertrain limited warranty.  Plaintiff alleges that Chrysler is the party who made the false statement regarding the lifetime warranty and that the consequence of not honoring the lifetime warranty was Plaintiff's out-of-pocket expenses for repair of his vehicle. Finally, Plaintiff also alleges that Defendant Chrysler omitted information that the warranty would not be a lifetime warranty if Plaintiff did not obtain an inspection every five years.  Thus, the Court concludes that Plaintiff's allegations satisfy Rule 9(b) standards.  Accordingly, the Court will not dismiss Plaintiff's KCPA claim against Defendant Chrysler.

      2.    *MMWA Claim*

Defendant requests dismissal of Plaintiff's MMWA claim because he fails to state a claim. The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or servicer contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief."[23]  This claim generally "stand[s] or fall[s] with [the] express and implied warranty claims under state law."[24]

Defendant first contends that to the extent there are allegations against Olathe Dodge's failure to perform the powertrain inspection, it cannot be part of the breach of warranty claim against Defendant Chrysler.  Defendant is correct on that premise, and Plaintiff does not bring a MMWA claim against Olathe Dodge.  Thus, Plaintiff's claim against Defendant Chrysler cannot be based on any of Olathe Dodge's alleged failures.

---

[23] 15 U.S.C. § 2310(d).

[24] *Suhr v. Aqua Haven, LLC*, 2013 WL 3778928, at *10 (D. Kan. 2013) (citations omitted).

Defendant next asserts that Plaintiff fails to plead any facts alleging a breach of warranty. The Court disagrees.  Plaintiff claims that Defendant Chrysler does not expressly say in the written warranty that it his responsibility to actively request a powertrain inspection.  In addition, Plaintiff contends that Chrysler's refusal to cover the repairs to the exhaust manifold is in breach of the written warranty and implied warranties applicable to the Ram.  Viewing the allegations and facts in the light most favorable to Plaintiff, the Court finds that they sufficiently allege a MMWA claim.[25]  Accordingly, the Court declines to dismiss this claim.

### 3.    *Breach of Implied Warranty of Merchantability*

Plaintiff also brings a claim for breach of implied warranty of merchantability.  He asserts that the Ram had a defect in the exhaust manifold.  Defendant seeks dismissal asserting that Plaintiff's claim is conclusory and is not viable because the vehicle provided dependable transportation.

"An implied warranty of merchantability essentially requires that goods sold by a merchant satisfy basic standards of quality or acceptability."[26]  Pursuant to K.S.A. § 84-2-314(2)(c), a good is merchantable if it is "fit for the ordinary purposes for which such goods are used."  "The seller's obligation under an implied warranty of merchantability depends upon the circumstances of the transaction."[27]  "The Kansas Supreme Court has held that a car's ordinary purpose is not limited to its 'major components affecting transportation.'"[28]  To prove a breach of an implied warranty

---

[25] The Court notes that several of Defendant's arguments would require the Court to delve into factual matters.  At this stage of the litigation, the Court must view the facts as true and in the light most favorable to Plaintiff.

[26] *Golden*, 276 P.3d at 797 (citation omitted).

[27] *Id.* (internal quotation marks and citation omitted).

[28] *Rasnic v. FCA US, LLC*, 2017 WL 6406880, at *5 (D. Kan. 2017) (citing *Hodges v. Johnson*, 288 Kan. 56, 199 P.3d 1251, 1262 (2009)).

of merchantability, "the buyer must show the goods were defective and the defect existed at the time of the sale."[29]

Here, Plaintiff alleges that the exhaust manifold was subject to such mechanical issues that Defendant issued a Technical Service Bulletin ("TSB") to all dealerships in the United States describing the issue and how to repair it.  He claims that he was never told about the exhaust manifold issue until he had a problem with his Ram in 2016.  At that time, he took the Ram to get fixed and learned that a TSB had been issued five years earlier regarding the exhaust manifold issue.  The TSB identified a problem in the Ram's exhaust manifold and identified a solution for repair.  Furthermore, Plaintiff alleges that this defect was present when the Ram was sold because the exhaust manifold issue was ongoing in 2009 Ram engines requiring the issuance of the TSB.  These allegations are sufficient to support a claim for breach of implied warranty of merchantability.  Thus, the Court denies Defendant's request to dismiss this claim.

### 4.    Alternative Motion to Strike Class Claims

Defendant argues that the class allegations should be stricken or dismissed should the Court not dismiss the claims against it.  Specifically, Defendant contends that the class definitions are overly broad.  Plaintiff withdraws the nationwide class allegations, but he argues that the Kansas class allegations should not be stricken.

The Court can examine class allegations in pleadings to see if "the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed

---

[29] *Nieberding v. Barrette Outdoor Living, Inc.*, 302 F.R.D. 600, 609 (D. Kan. 2014) (citing *Hodges*, 199 P.3d at 1258).

within the named plaintiff's claim."[30]  And when determining class certification under Fed. R. Civ.

P. 23, the Court must conduct a rigorous analysis.[31]  Here, however, Plaintiff has not filed a motion

for certification of the class yet.  Although it is not procedurally improper for Defendant to request

that class allegations be stricken, the Court finds that the better course of action is to consider

whether the class definition is overly broad in the context of a motion to certify the class.[32]  This

is particularly so because in response to Defendant's motion, Plaintiff withdrew his nationwide

class allegations.  Instead, only the Kansas class allegations remain, and Plaintiff states that he

may not seek certification on the exact same definition in the complaint.  In addition, Plaintiff

appears to acknowledge that certain proposed class members may not meet a class definition and

could be excluded.  Accordingly, the Court denies Defendant's motion to strike the Kansas class

allegations.

**B.    Defendant Olathe Dodge's Motion to Dismiss**

Defendant Olathe Dodge asserts that Plaintiff's KCPA claim against it fails for some of the

same reasons asserted by Defendant Chrysler.  First, Defendant argues that the statute of

limitations bars the claim.  For the reasons explained in detail above, the Court finds that Plaintiff's

claim is not barred by the statute of limitations.

Next, Defendant argues that Plaintiff fails to state a claim because Plaintiff does not allege

that Defendant's conduct was willful or that it omitted information that it had a duty to disclose.

---

[30] *Wilson v. Landers McLarty Olathe KS, LLC*, 2018 WL 5617832, at *6 (D. Kan. 2018) (citing *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982)).

[31] *See DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citation omitted).

[32] *See Wilson*, 2018 WL 5617832, at *7 (noting that the Court would determine the propriety of the class after allowing discovery to proceed and in the context of a motion to certify the class).

In addition, Defendant contends that Plaintiff's claim fails because there are no deceptive acts alleged against it.  As noted above, a private cause of action requires that "(1) the supplier willfully failed to state a material fact; or (2) the supplier willfully failed to state, concealed, suppressed, or omitted a material fact."[33]

Plaintiff's allegations against Defendant Olathe Dodge under the KCPA are that (1) Defendant failed to perform the required powertrain inspection while the Ram was in Olathe Dodge's possession, (2) failed to disclose the known defect in the exhaust manifold after receiving the TSB in September 2011, and (3) mislead Plaintiff on whose responsibility it was to make the final decision on the repair.  These allegations are sufficient to state a claim under the KCPA. Plaintiff's allegation that he routinely took his vehicle to Defendant for service for several years, and Defendant concealed or suppressed the TSB until his car presented with an exhaust manifold problem adequately states a willful omission of a material fact.  In addition, Plaintiff's allegation that Defendant failed to perform the powertrain inspection while performing a 23-point inspection during an oil change sufficiently alleges a violation under the KCPA.[34]   Thus, the Court denies Defendant Olathe Dodge's motion.

**IT IS THEREFORE ORDERED** that Defendant FCA US LLC's (Chrysler) Motion to Dismiss (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Landers McLarty Olathe KS, LLC's (Olathe Dodge) Motion to Dismiss (Doc. 14) is **DENIED**.

---

[33] *Stechschulte*, 298 P.3d 1083 at 1100 (citing K.S.A. § 50-626(b)(3); K.S.A. § 50-634(a)).

[34] Defendant's argument that Plaintiff presented his Ram for an oil change, and not a powertrain inspection, raises a factual question inappropriate to consider at the motion to dismiss stage.  Plaintiff specifically alleges that he took the Ram in for an oil change and Defendant performed a 23-point inspection that he did not know did not include a powertrain inspection.

**IT IS SO ORDERED**.

Dated this 26th day of August, 2020.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE