# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MICHAEL MARKSBERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 19-2724-EFM-JPO** |
| | ) | |
| **FCA US LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO FCA US LLC'S MOTION FOR STAY PENDING RULING ON SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PROTECTIVE ORDER STAYING FURTHER DISCOVERY UNTIL THE COURT ENTERS A RULING ON CLASS CERTIFICATION

"It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed."[1] But FCA goes beyond merely asking for a stay of discovery, instead asking for a stay of *the whole case*. The Tenth Circuit has stated, "the right to proceeding in court should not be denied except under the most extreme circumstances."[2] There are four exceptions for staying discovery because of the filing of a dispositive motion are: (1) when the case is likely to be "finally concluded" via the dispositive motion; (2) when the facts sought in discovery will not affect the resolution of the dispositive motion; (3) when discovery on all issues in the complaint would be wasteful and burdensome; or (4) when the dispositive motion

---

[1] *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *1 (D. Kan. Mar. 8, 2019) (granting stay because dispositive motion issue concerned qualified immunity, for which discovery was not necessary) (O'Hara, J.).

[2] *Claassen v. Monsanto Co.*, No. 2017 WL 6524842, at *1 (D. Kan. Dec. 21, 2017) (O'Hara, J.) (indirectly quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

raises issues as to a defendant's immunity from suit.[3] Further, "[t]he party seeking the stay must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[4]

I.   **FCA's Motion for Summary Judgment, even if granted, will not "finally conclude[]" this case. And even if it would, FCA has not shown that it is likely to prevail on its motion.**

While FCA claims that "an order granting [FCA's motion for summary judgment] will dispose of this entire case,"[5] this is not true. Plaintiff also has claims pending against Defendant Landers McLarty Olathe KS, LLC d/b/a Olathe Dodge Chrysler Jeep RAM ("Olathe Dodge"). And Plaintiff's claims against Olathe Dodge are not subject to FCA's motion for summary judgment.  Thus, even if FCA's motion were granted in full, it would not "dispose of this entire case," as FCA contends.

But even setting aside Plaintiff's claims against Olathe Dodge, FCA's pending dispositive motion does not justify a full stay of the case, for FCA has not shown that it is "likely" to prevail on its dispositive motion.[6] Indeed, FCA does not even attempt such a showing.[7] It should not be permitted to attempt such a showing for the first time on reply. Thus, the first exception cannot be said to apply.

---

[3] *Id.*; *Arnold*, 2019 WL 2438677, at *1.

[4] *MNR, LLC v. Ohio Sec. Ins. Co.*, No. 21-2078, 2021 WL 1945868, at *1 (D. Kan. May 14, 2021) (quotations omitted) (O'Hara, J.) (denying motion to stay even though defendant claimed its dispositive motion "raise[d] purely legal questions").

[5] ECF No. 103, p. 1.

[6] *Claasen*, 2017 WL 6524842, at *1 (denying stay because, after review of briefing on motion to dismiss, the court could not "say that this action is *likely* to be concluded via a ruling on the motions." (emphasis in original)).

[7] *See generally* ECF No. 103.

## II.   Additional discovery may affect the resolution of the dispositive motion.

Plaintiff has two pending motions related to discovery which may bear on his response to the motion for summary judgment: (1) Plaintiff's April 20, 2021 motion for sanctions and to compel second deposition;[8] and (2) Plaintiff's May 18, 2021 motion to strike and/or exclude or, in the alternative, for extension of time. FCA's motion to stay—filed after each of Plaintiff's pending motions—does not address either of Plaintiff's pending motions.[9]

As previously outlined, Plaintiff's April 20 motion for sanctions and to compel second directly implicates at least one of the arguments FCA makes in its motion for summary judgment: its advertising.[10] Meanwhile Plaintiff's May 18 motion alternatively seeks additional time to depose two specific witnesses FCA surprised Plaintiff with in its motion for summary judgment—Devin Smalley and Robert Quick.[11] Unequivocally, the discovery these motions seek may affect the resolution of the dispositive motion.

In an attempt to sidestep this issue, FCA claims that its dispositive motion "is based primarily on Plaintiff's own admissions."[12] But between its motion,[13] and memorandum in support,[14] FCA submitted more than twenty exhibits. Only *one* of those exhibits,[15] consists of Plaintiff's "admissions"—as FCA puts it. In contrast, FCA

---

[8] ECF No. 79 (redacted); 84 (unredacted).
[9] *See generally* ECF No. 103.
[10] *See, e.g.*, ECF No. 106; ECF No. 91, pp. 22.
[11] ECF No. 101.
[12] ECF No. 103, p. 1.
[13] ECF No. 90.
[14] ECF No. 91.
[15] ECF No. 91-2.

submitted three substantive declarations alongside its motion.[16] FCA's facts concerning "Public Disclosures about the Lifetime Warranty" rely almost exclusively on those declarations and/or URL links for third-party websites.[17] Thus, even FCA's own justification falls flat when considered against the backdrop of FCA's own proffered evidence.[18]

Finally, because the dispositive motion was filed before the close of merits discovery, it simply cannot be said that additional discovery would not advance the motion.[19] Fed. R. Civ. P. 56(d) explicitly contemplates this, and FCA has no good faith basis to dispute that Plaintiff's Fourth Document Requests—served before FCA filed its motion for summary judgment—is likely to implicate issues raised in FCA's motion. For example, complaints by vehicle owners concerning denial of warranty claims—sought by requests 1-3[20]—can be considered by the jury in assessing FCA's intent.[21] Likewise, FCA's internal communications about the warranty and powertrain inspection requirement are likely to reveal FCA's intent.[22] And yet FCA argues in its

---

[16] ECF No. 91-3; 91-13; 91-16.

[17] *See generally* ECF No. 91, pp. 4-8. FCA's motion plays fast and loose with the rules for summary judgment motions. While it contains a 55-paragraph statement of facts, FCA does not actually cite to those facts in its arguments, instead citing generally to *pages* (without specific line references) of deposition transcripts and exhibits. *See generally* ECF No. 91.

[18] Plaintiff disputes that much of the 'evidence' FCA relies upon in its motion is even admissible. This will be explored further in Plaintiff's response.

[19] *See, e.g.*, ECF No. 91, pp. 24-26 (arguing there is "no evidence" of multiple issues).

[20] ECF No. 103-1, p. 6.

[21] *See* Fed. R. Evid. 404(b)(2); *see also Morgan v. Central RV, Inc.*, No. 17-2300, 2018 WL 1336009 (D. Kan. Mar. 15, 2018) (finding discovery bearing on other similar conduct relevant to KCPA false advertising and concealment claims) (O'Hara, J.).

[22] ECF No. 103-1, p. 8.

motion for summary judgment that there is no evidence of willfulness.[23]

Further, FCA has unilaterally reversed the order in which Plaintiff and this Court had previously contemplated these motions, without requesting a status conference. That is, the Court's Scheduling Order, contemplated class certification being briefed and decided before a motion for summary judgment.[24]  Before FCA filed its instant motion to stay or for protective order, FCA's responses to those requests were due on the same day as Plaintiff's summary judgment response.[25] It therefore appears that FCA's motion for summary judgment and instant motion to stay are a calculated attempt to avoid having to produce documents highlighting the intentionality of its underlying conduct.[26]

Accordingly, further discovery, including Plaintiff's pending fourth document requests, is likely to affect resolution of the dispositive motion.

### III.    Discovery on all issues in the Complaint would not be wasteful.

As noted above, Plaintiff also has claims pending against Olathe Dodge.  Even if FCA's motion for summary judgment were granted in full, those claims would remain pending.

---

[23] ECF No. 91, pp. 25-26.

[24] *See generally* ECF No. 26.

[25] As FCA notes, Plaintiff served his Fourth Document Requests on April 27, 2021. Thus, FCA's responses are due May 27, 2021.

[26] FCA waited two weeks after filing its motion for summary judgment before seeking the instant stay, but does not cite or allude to anything that has transpired since its dispositive motion was filed as justification. FCA could not have known the Court would expedite briefing on the motion to stay, suggesting that its two-week delay was calculated to forestall discovery as long as possible without making its efforts appear blatant (as would happen if FCA waited until just before its responses are due) .

Further, similar claims are currently pending in other cases in other jurisdictions.[27] Information gathered by FCA in this case is therefore likely to be discoverable in *Grundy*, given the fact that FCA's Lifetime Powertrain Limited Warranty was not regional, but was instead offered across the country. "Thus, the burden on defendants in responding to discovery in this case should not be extraordinary."[28] If FCA believes that discovery requests are not proportional, the Court can address those matters as they materialize.[29] Tellingly, this is FCA's third opportunity to provide any explanation of why discovery is burdensome or disproportionate. At each juncture, however, FCA has failed to even attempt such a showing.[30]

FCA argues that discovery is currently closed. Not so. Only *class* discovery has closed. The Court has not yet established a cutoff for *merits* discovery. That FCA alternatively asks the Court to stay *all* discovery pending a decision on class certification—not summary judgment—shows that even FCA agrees that merits discovery remains open. Thus, continued discovery will not be wasteful.

## IV.     FCA does not make a qualified immunity argument.

FCA does not argue in its motion for summary judgment that it is immune from

---

[27] *E.g.*, *Grundy v. FCA US LLC*, Case No. 20-cv-11231 (E.D. Mich.).  On February 25, 2021, the *Grundy* court entered its Scheduling Order, permitting discovery through (at least) January 28, 2022. *Id.* at Doc. 27.

[28] *Claasen*, 2017 WL 6524842, at *2.

[29] *Id.*

[30] *See* ECF No. 54, pp. 4, 10; ECF No. 97, p. 6; *see also generally* ECF No. 103 (complaining that some of Plaintiff's requests "are so extremely broad" but providing no explanation of the burden involved in responding).

suit, making the fourth exception irrelevant.

**V.    Plaintiff would be prejudiced by staying the case pending a resolution on the motion for summary judgment.**

This case principally (though not exclusively) focuses on events which transpired more than a decade ago. Each defendant has indicated that it has lost or otherwise not retained records bearing on these matters.[31]  Thus, a substantial portion of the evidence will have to come from witness testimony. Obviously, memory fades with time. A stay of discovery significantly increases the risk that witness(es) will forget information that Plaintiff could otherwise have obtained. This is already being hindered by FCA's failure and refusal to identify people with knowledge.[32] A stay of the case will only exacerbate this problem.

FCA tries to argue that there would be no prejudice and that judicial economy would be advanced by staying the case. The principal burden at class certification, however, falls upon Plaintiff. And Plaintiff has already completed the majority of his initial briefing.  A stay of the case therefore will not save Plaintiff substantial time. Again, FCA has unilaterally reversed the order of the cart and the horse and now asks for forgiveness from the court instead of permission.

Further, it is common for class certification and dispositive motions to be briefed and decided in parallel.[33] Even the cases FCA cites show this to be true.  For instance, in

---

[31] *See, e.g.*, ECF No. 82, p. 7; ECF No. 33, 10:15-11:8.

[32] *See, e.g.*, ECF No. 101.

[33] *E.g.*, *Trevizo v. Adams*, 455 F.3d 1155 (10th Cir. 2006); *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 08-1330, 2015 WL 890081, at *2 (D. Kan. Feb. 25, 2015) ("[T]he court is reluctant to rule on motions that encroach on the merits of a final

*Hooper v. Polychrome, Inc.*, the Court clearly stated that it did not need to rule upon the pending motion for class certification because it was granting the pending motion for summary judgment.[34] A similar course was followed with *Carpenter v. Boeing Co.*, where the Court directed the clerk to certify as final the summary judgment decision, noting that this would enable to summary judgment ruling to be appealed at the same time as the class certification ruling.[35] This also shows that there is not a real risk of improper res judicata should FCA's dispositive motion be granted, as the Court can always deny the motion for class certification as moot,[36] which is what happened in *Ellis v. J.R.'s Country Stores, Inc.*[37] and *Hooper*.[38]

Troublingly, FCA cites *Jamieson v. Vatterott Educ. Ctrs., Inc.* for a proposition directly contrary to what actually happened in that case. Specifically, FCA cites *Jamieson* for the proposition that "Courts in this District and throughout this Circuit have consistently found it appropriate to stay or defer consideration of class certification

---

decision before class certification. … [T]he court finds it prudent to stay a ruling on plaintiff's motion for partial summary judgment until determining pending motion for class certification."); *Whitton v. Deffenbaugh Disposal, Inc.*, No. 12-2247, 2015 WL 751817 (D. Kan. Feb. 23, 2015) (motion for reconsideration of denial of class certification was pending simultaneously with motion for summary judgment); *Jamieson v. Vatterott Educ. Ctrs., Inc.*, 259 F.R.D. 520 (D. Kan. 2009); *Fulghum v. Embarq Corp.*, No. 07-2602, 2009 WL 2705879 (D. Kan. Aug. 25, 2009) (denying motion to defer class certification proceedings until after resolution of motion for partial summary judgment) (Melgren, J.).

[34] 916 F.Supp. 1111, 1113-14 (D. Kan. 1996)

[35] 223 F.R.D. 552, 557-58 (D. Kan. 2004).

[36] *See also Carpenter*, 223 F.R.D. at 558 ("The certification of the Class is also substantially congruent with the summary judgment ruling, because if the class certification were erroneous, summary judgment on the class claims would be in error.").

[37] 779 F.3d. 1184, 1191 (10th Cir. 2015) ("the district court awarded summary judgment to the Company and denied Ms. Ellis's motion for class certification as moot.").

[38] 916 F.Supp. at 1113-14.

issues until after summary judgment has been decided."[39] But that is not what happened. In fact, *Jamieson* clearly resolved both the motion for summary judgment and the motion for class certification *at the same time*: "Defendant Vatterott's Motion for Summary Judgment (Doc. 69) is GRANTED IN PART and DENIED IN PART as set forth above. Plaintiffs' Motion to Certify Class Action (Doc. 58) is DENIED IN PART and TAKEN UNDER ADVISEMENT IN PART."[40]  The line FCA quotes[41] was not about *staying* the case, but explaining why the Court discussed the motion for summary judgment first in its order, given that the motion for class certification had been filed before the motion for class certification.

FCA's other authority is clearly inapplicable. In *Wright v. Schock*, the Ninth Circuit held that Court had not abused its discretion where it had "held extensive discussions with the parties to determine the most fair and economical way to structure this complex litigation."[42] Here, FCA did not even ask for a status conference to enable to the Court to have this discussion. *Roco, Inc. v. EOG Resources, Inc.*, was a case where the parties "acknowledged the import of the *Fawcett* decision on the Kansas claims in the case" which led Magistrate Judge James to determine that "whether summary judgment is appropriate as to the named Plaintiff under *Fawcett* should be decided

---

[39] ECF No. 103, p. 6.

[40] 259 F.R.D. at 549. The Court went on to schedule a hearing to further resolve the motion for class certification. *Id.*

[41] ECF No. 103, p. 6 ("it is appropriate to address the pending motion for summary judgment prior to the motion for class certification").

[42] 742 F.2d 541, 544 (9th Cir. 1984).

before class certification."[43] Importantly, the sequencing of summary judgment before class certification in *Roco* was apparently done by consent, unlike this case.[44] *Wilson v. Montano*, unlike this case, revolved around issues of qualified immunity.[45] *Perez v. Pinon Mgmt., Inc.*, entailed a ***joint*** motion for stay.[46]

That the class members could be bound by res judicata is one of the natural risks of class actions. If class members want to avoid being bound by a ruling—whether favorable or unfavorable—they may opting out. To the extent FCA's argument is ultimately a contention that Plaintiff is not typical of the class that is a matter for resolution at class certification, not a motion to stay or for protective order.

FCA also argues there would be no prejudice, claiming Plaintiff "was willing to agree to [a stay] but only if there was a quid-pro-quo on a class certification issue."[47] This is a brazen mischaracterization.

In at least one email sent ***before*** FCA filed its motion, Plaintiff specifically noted that Plaintiff is concerned that FCA's summary judgment motion "may require additional discovery to respond to."[48] The "quid-pro-quo" to which FCA references was a discussion wherein Plaintiff noted that the class size could be impacted by a stay as

---

[43] 2016 WL 6610896, at *2. *Fawcett* was a recent Kansas Supreme Court decision. 352 P.3d 1032 (Kan. 2015).

[44] *See id.*

[45] 2015 WL 12977350 (D. N.M. Nov. 8, 2015).

[46] 2013 WL 9853508, at * 4 ("Recognizing the effect of summary judgment on the Plaintiff's Motion for Certification, ***the parties*** filed a Motion to Stay on February 25, 2013. Specifically, ***the parties*** asked the Court to impose a temporary stay of Plaintiff's Motion for Certification ..." (emphasis added)).

[47] ECF No. 103, pp. 6-7.

[48] **Exhibit A**.

consumers sell their vehicles given that the warranty at issue is non-transferrable. Plaintiff therefore indicated that he "*might* be willing to agree [to a stay] if [the parties could] find some mechanism to 'freeze' class membership based upon putative class members status as of June 11, 2021 (the current motion deadline)."[49] Put another way, Plaintiff was attempting to ameliorate one of the potential sources of prejudice which would exist if a stay were entered. Importantly, FCA indicated in response that "the Court could always reject" the parties' agreement on something like this.[50] Thus, FCA itself appeared to be taking the position (or at least noting) that the avenue through which Plaintiff was attempting to ameliorate one potential source of prejudice might not actually work.

It is clear that Plaintiff (and the putative class) would be prejudiced by a stay, which FCA has wholly failed to justify. The motion should be denied.

**VI.    FCA's alternative motion for protective order should also be denied.**

FCA's alternative motion for protective order is predicated upon the incorrect premise that *all* discovery closed on April 5, 2021.[51] But this is not the case. As noted above, the scheduling order clearly contemplated that April 5, 2021 would be the cutoff only for discovery which will be used *at class certification*.[52] At no point in this case has a deadline for *merits* discovery been set. There is no reason for the Court to do so

---

[49] ECF No. 99-1, p. 3.

[50] *Id.*

[51] This is the only argument FCA advances.  FCA does not, for example, claim that Plaintiff's pending discovery requests are unduly burdensome or overbroad. *See generally* ECF No. 103.

[52] ECF No. 58 ("for the completion of discovery related to class certification.").

now.  Even if certification is denied, all merits discovery will still be usable.

As noted above, several of Plaintiff's pending discovery requests directly bear on FCA's intent. This is something Plaintiff would have to prove even if his claims proceed only on an individual basis. And the evidence sought—such as FCA's internal communications and complaints of other consumers—will be discoverable whether this case is a class or individual.[53] Thus, Plaintiff's pending discovery requests are likely to no only help the Court in deciding summary judgment, but also help prepare the case for trial (irrespective of whether the case proceeds as a class).

To the extent Plaintiff has misinterpreted the Court's scheduling order, the Court should enter a new scheduling order allowing for merits discovery to continue. As explained in Plaintiff's Motion for Extension of Time, ECF No. 106, Plaintiff's pending discovery requests and other pending discovery matters are likely to yield evidence the Court can consider in determining the summary judgment motion. Plaintiff's discovery was not reactionary, as it was served before FCA filed its motion for summary judgment. Given the scheduling order, there was no reason for Plaintiff to believe FCA was going to suddenly flip the table and try and rush a dispositive motion through before merits discovery was complete.[54] Good cause therefore exists to permit further discovery.

---

[53] *See* Fed. R. Evid. 404(b)(2); *see also Morgan v. Central RV, Inc.*, No. 17-2300, 2018 WL 1336009 (D. Kan. Mar. 15, 2018) (finding discovery bearing on other similar conduct relevant to KCPA false advertising and concealment claims) (O'Hara, J.).

[54] Alternatively, the Court should convene a status conference to discuss and enter a new scheduling order to govern merits discovery, including Plaintiff's response to FCA's motion for summary judgment.

Respectfully submitted,

*/s/ Mark W. Schmitz*
Bryce B. Bell  KS#20866
Mark W. Schmitz KS#27538
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Court's CM/ECF e-Filing system on May 23, 2021, and thereby served upon all attorneys of record.

*/s/ Mark W. Schmitz*