UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL MARKSBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2724-EFM |
| | ) |
| FCA US LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action comes before the court on the motion (ECF No. 114) of defendant FCA US LLC ("FCA") to stay the May 26, 2021 discovery order requiring it to designate and prepare a witness to offer 2-hours of additional deposition testimony and to reimburse plaintiff for the costs associated therewith (**ECF No. 108**). FCA asserts the undersigned U.S. Magistrate Judge, James P. O'Hara, erred in determining its Fed. R. Civ. P. 30(b)(6) corporate designee was unprepared to testify on two noticed topics and in overruling certain privilege objections.[1] FCA has filed objections to the order under Fed. R. Civ. P. 72(a) and D. Kan. Rule 72.1.4(a),[2] and now asks the undersigned to stay the order until said

---

[1] FCA does not challenge the undersigned's rulings finding its counsel's speaking objections inappropriate.

[2] ECF No 118.

1

objections are ruled by the presiding U.S. District Judge, Eric F. Melgren.  Because the applicable stay factors weigh in favor of FCA, the motion is granted.

D. Kan. Rule 72.1.4(d) permits a party to apply to a magistrate judge for a stay of the magistrate judge's order pending review of the order by the presiding district judge. Although neither the Federal Rules of Civil Procedure nor the District of Kansas local rules establish the criteria the magistrate judge should consider in evaluating the application for stay, judges in this district have applied the criteria used in evaluating discretionary stays in other contexts.  "Generally stated, the rule is that the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties."[3]  Under this analysis, the court considers:

1. Whether the movant is likely to prevail on review;

2. Whether the movant has established that absent a stay the movant will suffer irreparable harm;

3. Whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and

4. The public interests implicated by the stay.[4]

---

[3] *Columbian Fin. Corp. v. Bowman*, No. 14-2168-SAC, 2018 U.S. Dist. LEXIS 33991, at *3 (D. Kan. Mar. 2, 2018) (quoting *Mannell v. Kawasaki Motors Corp.*, No. 89-4258, 1991 U.S. Dist. LEXIS 2869, 1991 WL 34214, at *3 (D. Kan. Feb. 22, 1991); *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-md-1840, 2010 WL 3724665, at *1 (D. Kan. Sept. 16, 2010) (quoting *Mannell*, 1991 WL 34214, at *3).

[4] *In re Motor Fuel*, 2010 WL 3724665, at *1 (citing cases).

Under the first of the four factors, FCA has failed to demonstrate that it is likely to prevail on its objections to the May 26, 2021 order. The order set forth the applicable legal standards in detail, and the undersigned carefully reviewed the transcript of the deposition at-issue and applied those standards. The undersigned does not believe the order is "clearly erroneous" or "contrary to law," the high standards applicable to FCA's Rule 72(a) objections. Moreover, as indicated above, FCA has not objected to all of the rulings in the order, and Judge Melgren could find the un-objected-to rulings alone justify the short follow-up deposition ordered. This factor weighs in plaintiff's favor.

As for the second factor, FCA asserts it will be irreparably harmed by sitting for the follow-up deposition because it "would be required to divulge privileged information in order to not be in violation of the Court's Order."[5] It's true that if FCA's designee is compelled to reveal information that Judge Melgren later deems privileged, FCA will have no recourse. As FCA puts it, "there is no way to 'unring the bell.'"[6] This factor weighs in FCA's favor.

Third, delaying the deposition will not substantially harm plaintiff. The only harm plaintiff suggested in his response to this motion was the possibility that he would have to respond to FCA's pending motion for summary judgment[7] without information he seeks to

---

[5] ECF No. 114 at 9.

[6] *Id.*

[7] ECF No. 90.

3

obtain in the deposition.[8]  On June 4, 2021, the court stayed plaintiff's deadline for responding to the motion for summary judgment until after FCA's motion for Rule 72(a) review has been decided.[9]  Thus, plaintiff's only suggested harm has been addressed, and this factor weighs in FCA's favor.[10]

Finally, public interest does not weigh strongly in favor of, nor against, granting a stay.  On the one hand, "the attorney-client privilege does hold a very special place in American jurisprudence," such that information subject to the privilege should not be ordered released.[11]  On the other hand, "the public has a general interest in prompt resolution of claims."[12]  There is no indication the public has a particular interest in this specific discovery dispute.  This factor is a wash.

---

[8] ECF No. 119 at 5 ("[T]his factor weighs against the stay *unless* Plaintiff is granted an extension of time to respond to the motion for summary judgment until, at least, a decision on FCA's Motion for Review." (emphasis added)).

[9] ECF No. 120.

[10] FCA has challenged the order staying plaintiff's summary-judgment response deadline.  ECF No. 121.  Ironically, if FCA succeeds in its challenge, the harm to plaintiff in staying the follow-up deposition could reemerge.  In such a case, the undersigned may *sue sponte* lift the stay of its order.  FCA, of course, then would have the liberty to seek a stay from Judge Melgren under D. Kan. Rule 72.1.4(d).

[11] *In re Motor Fuel*, 2010 WL 3724665, at *2.

[12] *Spears v. Mid-America Waffles, Inc.,* No. 11-2273, 2012 WL 12837278, at *3 (D. Kan. March 8, 2012).

After weighing all the equities, the undersigned finds they slightly favor FCA. Thus, the undersigned's order to reconvene the deposition of FCA's Rule 30(b)(6) designee is stayed until Judge Melgren decides the pending motion to review that order.

IT IS THEREFORE ORDERD that FCA's motion (ECF No. 114) to stay enforcement of the May 26, 2021 order is granted.

Dated June 7, 2021, at Kansas City, Kansas.

                                                s/ James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge