UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL MARKSBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2724-EFM |
| | ) |
| FCA US LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This putative class action arises from plaintiff's purchase of a Dodge Ram pickup truck and defendants' later refusal to fix the truck under a warranty application. Plaintiff brings claims for breach of warranty and for violation of the Kansas Consumer Protection Act ("KCPA"). On May 6, 2021, the truck's manufacturer, defendant FCA US LLC ("FCA"), moved for summary judgment.[1] Plaintiff now moves to strike two witness declarations attached to the motion for summary judgment or, in the alternative, to extend plaintiff's deadline to respond to the motion for summary judgment (**ECF No. 101**).[2] Although the court finds FCA violated Fed. R. Civ. P. 26(a) and (e) by failing to disclose the two witnesses, the court finds the violation is harmless under Fed. R. Civ. P. 37(c)(1)

---

[1] *See* ECF No. 90.

[2] This motion was referred to the undersigned U.S. Magistrate Judge on May 26, 2021.

1

and, therefore, denies the request to strike their declarations. Plaintiff is given leave to gather additional discovery. His alternative request for additional time to respond to the summary judgment motion is deemed moot.

As relevant to the instant dispute, plaintiff's amended complaint alleges FCA violated the KCPA in knowingly and willfully misleading him by claiming that the powertrain warranty on the purchased pickup truck was a "lifetime" warranty, while concealing an inspection requirement necessary to keep the warranty in effect.[3] In its May 6, 2021 motion for summary judgment, FCA argued plaintiff's KCPA claims should be dismissed, in part because FCA mailed plaintiff reminders about the inspection requirement.[4] FCA submitted the declarations of Devin Smalley and Robert Quick in support of this contention. Smalley is an employee of Avanzado, LLC, the company retained by FCA to print mailers to be sent to vehicle owners reminding them of the inspection requirement.[5] Quick was a co-owner of On Demand Mail Services, a company retained to mail the inspection reminders.[6] Smalley declared FCA regularly provided Avanzado lists, called "galley lists," containing vehicle owners' names and addresses, and upon receiving a galley list, "Avanzado printed powertrain inspection reminder mailers for

---

[3] *See* ECF No. 1-2 at 2, 5, & 13.

[4] ECF No. 91 at 22.

[5] ECF No. 91-13.

[6] ECF No. 91-16.

each person appearing on the list."[7]  Avanzado then delivered the printed mailers to On Demand.[8]  Attached as an exhibit to Smalley's declaration was a galley list that included plaintiff's name, address, and "expiration date."[9]  Quick declared that when On Demand received inspection-reminder mailers from Avanzado, it used a dedicated mailing unit in its facility to send the mailers "via U.S. Mail to the addresses listed on the mailers."[10]  As an exhibit to his declaration, Quick provided "an example of the powertrain inspection reminder mailers" that it mailed.[11]

FCA uses the Smalley and Quick declarations to assert two inspection reminders were mailed to plaintiff, thereby precluding plaintiff's KCPA claims that the requirement was not disclosed and that FCA willfully withheld information about the inspection requirement.[12]  Specifically, FCA argues, "To the extent there could be any doubt about FCA US's good faith and intent not to harm Plaintiff, that doubt is clearly laid to rest by the evidence proving that, years after Plaintiff purchased his truck, FCA US sent him two reminders to take his truck to get the required 5 year inspection."[13]

---

[7] ECF No. 91-13 at 1-2.

[8] *Id.* at 2.

[9] ECF No. 91-14 at 4.

[10] ECF No. 91-16 at 1-2.

[11] ECF No. 91-17.

[12] *See* ECF No. 91 at 22.

[13] *Id.* at 26.

3

Plaintiff moves to strike the Smalley and Quick declarations from consideration in this case, including with respect to FCA's summary judgment motion, because FCA did not disclose either witness under Rule 26(a)(1) or (e) until *after* FCA moved for summary judgment.[14]  Rule 26(a)(1) requires parties to disclose to other parties, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Under Rule 26(e), if a party later learns its initial disclosures are incomplete, "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process," the party must supplement its initial disclosures.  Plaintiff argues that because it is undisputed FCA did not disclose Smalley and Quick under Rule 26(a) or (e) until after FCA filed its summary judgment motion, Rule 37(c)(1) requires their exclusion from this case.  Rule 37(c)(1) provides,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FCA counters that, although it did not include Smalley and Quick in its Rule 26(a) initial disclosures because, at the time, it did not know their identity or the likelihood they would have discoverable information, it was under no obligation to supplement under Rule

---

[14] ECF No. 102 (certificate of service of supplemental disclosures).

26(e) because such information was revealed to plaintiff in discovery. And even if it did violate Rule 26, FCA argues, Rule 37(c) sanctions are not appropriate because its failure to formally identify Smalley and Quick "was substantially justified or is harmless." The court disagrees with FCA on the first contention, but agrees on the second.

As mentioned, it is undisputed that FCA did not disclose Smalley or Quick in its initial disclosures. FCA supplemented its initial disclosures to identify Smalley and Quick on May 18, 2021[15]—after it had submitted the witnesses' declarations in support of summary judgment and after plaintiff moved to strike the declarations. Nonetheless, FCA argues it had no duty to supplement its initial disclosures because Rule 26(e) only requires supplementation "*if the additional or corrective information has not otherwise been made known* to the other parties during the discovery process or in writing."[16]

FCA first argues it did not violate Rule 26(e) because it disclosed Avanzado and On Demand and their "respective roles in the inspection reminder campaign last year."[17] The record indicates FCA identified Avanzado and On Demand in August and October 2020, respectively, in response to plaintiff's interrogatories.[18] The court rejects this argument,

---

[15] *Id.*

[16] Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

[17] ECF No. 113 at 9.

[18] Plaintiff concedes FCA identified On Demand as its mail provider for the inspection reminders as early as August 2020, *see* ECF No. 47-7 at 5, and Avanzado as the printer of the reminders in October 2020, *see* ECF No. 101-3 at 7. In an August 13, 2020 document production, FCA produced copies of redacted lists showing plaintiff was on lists

5

however, because identifying companies in response to an interrogatory asking for the "identi[ty of] all third parties . . . used to mail any reminders" is not akin to a Rule 26(a) disclosure. To start, Rule 26(a) requires the identity of "individuals" who may be used as *witnesses*, not companies.[19] Second, even if a company could be considered a witness, simply "providing the identity of a witness . . . in discovery will not excuse failure to disclose under Rule 26(a)(1) because that does not put the other party on notice that the producing party may use that witness . . . to support its claims or defenses."[20] In other words, the interrogatory response did not indicate FCA would use Smalley or Quick (or, for that matter, any representative of Avanzado or On Demand) "to support its . . defenses."

As to identifying Smalley and Quick individually as potential witnesses, FCA argues it disclosed Smalley, and the fact that he had knowledge of Avanzado's printing of reminder mailers, on April 8, 2021, when it provided plaintiff a copy of a declaration by Smalley dated April 6, 2021. Thus, FCA argues, more than one month prior to FCA filing its motion for summary judgment on May 6, 2021, plaintiff knew FCA would rely upon Smalley to support its defense that the inspection reminders were printed and mailed.

---

to receive the mailers in September and October 2014. ECF No. 113-1 at 1. FCA never listed Avanzado or On Demand on its Rule 26(a) disclosures.

[19] Fed. R. Civ. P. 26(a)(1)(A)(i) and Advisory Committee Notes for the 2000 Amendments to the same.

[20] Steven Baicker-McKee, et al., Federal Civil Rules Handbook, 799 (2021). *See also Benjamin v. B & H Educ., Inc.,* 877 F.3d 1139, 1150 (9th Cir. 2017) (holding that mentioning a witness's name in an interrogatory response is insufficient for Rule 26 purposes).

6

However, as plaintiff notes, Rule 26(a)(1) also requires a party to provide, "if known, the address and telephone number" of disclosed individuals. It is undisputed that, upon receiving the declaration, plaintiff asked FCA for Smalley's contact information but FCA did not provide such required information until it formally supplemented its initial disclosures after moving for summary judgment.[21] FCA attempts to downplay its failure to provide Smalley's contact information by arguing plaintiff "was entirely free to call [Avanzado] and ask it the same questions FCA US asked that led it to Smalley."[22] But FCA has provided no support for this burden-shifting argument, and the court rejects it as contrary to the plain language of Rule 26(a)(1).[23]

With respect to Quick, FCA acknowledges it did not disclose him or provide plaintiff a copy of his declaration prior to using the declaration to support its summary judgment motion. But FCA contends it did not violate Rule 26(e) because plaintiff is the party who identified Quick's position in this case and "who effectively provided the information as to how Mr. Quick could be contacted."[24] It's true that plaintiff first learned of Quick's identity on February 19, 2021, when Quick called plaintiff's counsel in response

---

[21] ECF No. 106 at 4.

[22] ECF No. 113 at 10.

[23] Interestingly, plaintiff did serve a document subpoena on Avanzado in February 2021, seeking, among other things, proof of mailing the reminder to Kansas residents, but Avanzado's records custodian responded that Avanzado had no responsive documents. ECF No. 77-9 at 7.

[24] ECF No. 113 at 10.

to receiving plaintiff's subpoena to On Demand,[25] but this point is inapposite.  Discovering the identity of Quick did not put plaintiff on notice that FCA might use him to support its defenses[26]—the very purpose of Rule 26(a)(1).  To be clear, knowing the identity of a person is not the same as knowing the opposing party plans to rely on him as a witness and does not alleviate the mandates of Rule 26(a) and (e).[27]

The court finds FCA violated Rule 26(e) by failing to supplement its Rule 26(a) disclosures in a timely manner.  Nonetheless, the court agrees with FCA that this violation is "harmless" under Rule 37(c), such that the court is not required to strike the declarations of Smalley and Quick, or to otherwise prohibit FCA from using the witnesses to supply evidence in this case.

---

[25] ECF No. 101-1 at 4.

[26] This is particularly so here because Quick informed plaintiff he had sold On Demand in 2019 and had no documents responsive to plaintiff's document subpoena, such as "template reminder letters to be printed for mailing to Kansas Residents regarding FCA USA LLC's Lifetime Powertrain Limited Warranty."  *See* ECF No. 101-1 at 12.  Quick provided an affidavit to plaintiff on February 23, 2021, stating he kept no records and had no knowledge of requested records.  *Id.* at 21.

[27] *Clean Harbors, Inc. v. CBS Corp.*, 875 F. Supp. 2d 1311, 1317 (D. Kan. 2012) (striking affidavit submitted to oppose motion for summary judgment where affiant was not disclosed pursuant to Rule 26(a) or (e), noting "just because [defendant] knew of [affiant] does not mean that it knew [plaintiff] would rely on [affiant] as a witness"); *Morgan v. Cent. RV, Inc.*, No. 17-2300-JPO, 2018 WL 4111841, at *3 (D. Kan. Aug. 29, 2018) (ruling Rule 26(e) was violated and noting, "[a]n opposing party's awareness that a person 'occupied a position at issue in this case' clearly is not a substitute for the disclosure of the person as a potential witness").

As set forth above, Rule 37(c)(1) provides that if a party fails to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that witness to supply evidence in the case "unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[28]  Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness, . . . the court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[29]

Under the first two factors, the court finds plaintiff would suffer prejudice from the surprise witnesses, but the prejudice can be cured.  To be sure, were the court to consider the declarations of Smalley and Quick in deciding FCA's motion for summary judgment without giving plaintiff an opportunity to depose them, plaintiff would be prejudiced.  The court rejects any suggestion that plaintiff should have deposed these witnesses prior to the filing of the dispositive motion.  As to Smalley, although FCA provided plaintiff a substantially similar declaration on April 8, 2021, it did not supply Smalley's contact

---

[28] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[29] *Id.* (quoting *Woodworker's Supply*, 170 F.3d at 993).

information, such that plaintiff could subpoena him for a deposition, until after the motion for summary judgment was filed. Although plaintiff did have contact information for Quick, plaintiff had no notion that Quick had information FCA would use to support its defenses until his declaration was filed. Indeed, Quick had informed plaintiff earlier by e-mail and affidavit that he had no knowledge of the inspection-reminder mailers at issue. In the end, "plaintiff had no reason to depose witnesses whom defendant did not identify. H[is] knowledge that [a witness] occupied a position at issue in this case is no substitute for compliance with Rule 26."[30]

FCA seems to argue plaintiff is not prejudiced by submission of the declarations because summary judgment should be entered in its favor based on plaintiff's own admissions. FCA asserts, "While Plaintiff's deposition testimony alone is sufficient to support each and every ground raised by FCA US in support of summary judgment, it chose to bolster Plaintiff's admissions with other evidence. The declarations of Mr. Smalley and Mr. Quick were part of that bolstering evidence."[31] Although it may (or may not) be true that summary judgment could be granted for FCA even without the Smalley and Quick declarations, FCA nonetheless has submitted the declarations to "bolster" its summary-judgment position. Since FCA has not withdrawn the declarations from

---

[30] *Mehus v. Emporia State Univ.*, 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004) (internal quotation marks omitted) (excluding testimony of witnesses not first identified under Rule 26(e)).

[31] ECF No. 113 at 6 (internal citation omitted).

consideration, "[p]laintiff was entitled to the opportunity to depose witnesses whose statements would be used in support of summary judgment against him."[32]

Plaintiff concedes the prejudice he would suffer if the declarations are considered by the court in the context of its summary-judgment ruling can be cured *if* he is allowed to "conduct discovery bearing on" Smalley and Quick before responding to the motion for summary judgment.[33] Plaintiff requests time to depose Smalley and Quick "and conduct any necessary follow-up discovery (including any depositions the necessity of which is revealed during Mr. Smalley and/or Mr. Quick's depositions)." The court will give plaintiff **thirty days** to pursue the depositions of Smalley and/or Quick, to occur within that same time period. Given the limited information supplied by these witnesses in support of summary judgment, the court does not anticipate the depositions would be lengthy, and, indeed, limits them to no more than 45 minutes each. Plaintiff's request that he be permitted to conduct currently unknown "follow-up" discovery is denied without prejudice. The court also orders FCA to respond to Request Nos. 11, 12, and 13 in plaintiff's Fourth Document Requests,[34] to the extent they seek FCA's communications concerning Smalley's declaration, **within 14 days**.[35]

---

[32] *Johnson v. Unified Sch. Dist. No. 500 Wyandotte Cty., Kan.*, No. 16-CV-02578-JAR, 2018 WL 3068111, at *5 (D. Kan. June 21, 2018).

[33] ECF No. 117 at 14.

[34] ECF No. 103-1 at 7-8.

[35] In ordering this discovery to address the prejudice plaintiff would otherwise suffer by FCA using the Smalley and Quick declarations to support their summary-judgment

11

Considering the third factor, the court finds neither trial, nor the decision on the motion for summary judgment pending before the presiding U.S. District Judge, Eric F. Melgren, would be disrupted by permitting plaintiff to conduct the limited discovery discussed above. The discovery permitted herein will be concluded by July 10, 2021. Currently pending in this case is a motion by FCA for review of the undersigned's order requiring FCA to sit for a second deposition, which may not be ripe until July 2, 2021.[36] Judge Melgren has found the motion for review should be resolved "prior to the continued briefing for summary judgment."[37] Judge Melgren will reset the summary-judgment briefing schedule in his order ruling the motion for review,[38] but it is not foreseeable that plaintiff's response deadline would be set prior to July 10, 2021. Thus, plaintiff's expressed concern that additional discovery will cause "substantial delays to the briefing

---

arguments, the court makes no ruling under Fed. R. Civ. P. 56(d). In other words, it may be, as FCA asserts, that the Smalley and Quick declarations—and, therefore, plaintiff's discovery in response to those declarations—are not necessary for the court to enter summary judgment in FCA's favor. But, as noted above, fairness dictates plaintiff be given the opportunity to defend against those declarations given that they have been relied upon and not withdrawn.

The court also is not deciding whether FCA is required to respond fully to plaintiff's Fourth Document Requests, which are the subject of a pending motion by FCA to stay discovery or for a protective order. *See* ECF No. 103. Rather, the court is simply permitting very limited discovery from FCA about the Smalley declaration to address the prejudice now at issue.

[36] ECF No. 118 (challenging ECF No. 108).

[37] ECF No. 124.

[38] *See* ECF No. 120.

of the pending motion for summary judgment"[39] has been mooted by subsequent filings in this case.

Finally, the court does not find FCA's conduct particularly willful or in bad faith. FCA has explained how it learned of Smalley and Quick relatively recently, and how it also came to obtain declarations from them recently.[40]

In light of how the four factors weigh, the court finds that, although FCA violated Rule 26(e), the violation was harmless. The court declines to strike the declarations of Smalley and Quick under Rule 37(c)(1).

IT IS THEREFORE ORDERED that plaintiff's motion to strike (ECF No. 101) is granted in part and denied in part. Plaintiff's request to strike the declarations is denied, but his request to gather discovery from the witnesses is granted. The request to extend plaintiff's deadline to respond to summary judgment is deemed moot.

Dated June 11, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[39] ECF No. 117 at 14.

[40] ECF No. 113 at 4-6.