UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL MARKSBERRY,                          )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )      Case No. 19-2724-EFM
                                             )
FCA US LLC, et al.,                          )
                                             )
                    Defendants.              )

## **ORDER**

This putative class action arises from plaintiff's purchase of a Dodge Ram pickup truck and defendants' later refusal to fix the truck under a warranty application.  Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is the motion of defendant FCA US LLC ("FCA") to stay the proceedings (including the filing and briefing of a class-certification motion) until the court decides its motion for summary judgment,[1] or in the alternative, for a protective order to prohibit further discovery until any class-certification motion is decided (**ECF No. 103**).  Plaintiff opposes the motion.  The other named defendant, Landers McLarty Olathe KS, LLC ("Landers McLarty"), has not filed a timely response and is therefore deemed not to oppose the motion.[2]  Because the court finds

---

[1] ECF No. 90.

[2] *See* D. Kan. Rule 7.4 ("If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decided the motion as an uncontested motion.").

1

judicial economy would be fostered by deferring class-certification briefing until after the presiding U.S. District Judge, Eric F. Melgren, reaches a decision on FCA's motion for summary judgment, the motion to stay is granted.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending,[3] but exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[4] Moreover, "it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[5] The decision whether to stay proceedings rests in the broad discretion of the court.[6] As a practical matter, this calls for a case-by-case determination.[7]

---

[3] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4] *See id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

[5] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (internal quotation marks, modifications, and citation omitted).

[6] *Id.* at 1270; *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[7] *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

2

The court has reviewed the record, the instant motion, and the pending dispositive motion. The court concludes that a brief stay of all pretrial proceedings—including new discovery and the filing (and briefing of) a class-certification motion—is warranted until the court resolves FCA's dispositive motion.

First, FCA's motion for summary judgment raises credible arguments that, under the undisputed material facts, FCA is entitled to judgment as a matter of law on all of plaintiff's claims against it. The undersigned certainly does not presume to know how Judge Melgren will rule the dispositive motion, but it's very possible that his ruling could result in the conclusion of much of this action. Although Landers McLarty has not moved for summary judgment, plaintiff has only asserted a single, individual (i.e., non-class) claim against that defendant. If the court grants FCA's summary judgment motion, no class claims will remain in the action. It is, therefore, more efficient to resolve that motion before the parties and court invest time in the class-certification issue. Additionally, "[a]s a practical matter, it is appropriate to clarify the nature and scope of the pending claims before determining their suitability for class action treatment."[8]

Second, the court agrees with FCA that, under the scheduling order, the first round of discovery has concluded. Although the court did not bifurcate merits-related and class-certification discovery, the scheduling order clearly contemplated an end of first-round discovery on April 5, 2021, and stated further discovery would "proceed according to

---

[8] *Jamieson v. Vatterott Educ. Centers, Inc.*, 259 F.R.D. 520, 526 (D. Kan. 2009).

orders entered after plaintiff's anticipated class-certification motion has been decided."[9]

Although plaintiff argues discovery responsive to his fourth set of document requests—served on April 27, 2021—are "likely to implicate issues raised" by FCA on summary judgment, such that FCA should be ordered to respond to the requests under Fed. R. Civ. P. 56(d) before plaintiff responds to the motion,[10] plaintiff has not submitted the affidavit or declaration required to meet his burden under by Rule 56(d).[11]  Recent orders have permitted plaintiff to pursue *limited* follow-up discovery such that plaintiff will not be prejudiced in responding to FCA's motion for summary judgment.[12]  Because Judge Melgren's decision could narrow this case, additional merits-based discovery at this point would be wasteful and burdensome.

Finally, plaintiff's assertion that staying the proceedings would prejudice him because it "significantly increases the risk that witness(es) will forget information that

---

[9] ECF No. 26 at 3-4, as amended by ECF No. 58.

[10] ECF No. 107 at 4.

[11] *See Moore v. Taylor*, No. 17-3070-CM, 2018 WL 6436090, at *2 (D. Kan. Dec. 7, 2018) ("By affidavit, he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts.").  Even if the court were to accept plaintiff's suggestion, *see* ECF No. 117 at 18, that he be permitted to submit a declaration attesting to the truth of the facts set out in his briefing related to his motion to strike witnesses (ECF No. 101), those facts only address discovery related to witnesses Devin Smalley and Robert Quick, not to plaintiff's fourth set of document requests as a whole.

[12] *See* ECF Nos. 108, 127.  Although the court has ordered FCA to respond to three requests in plaintiff's fourth set of document requests served on April 27, 2021, *see* ECF No. 127 at 11, the court does not require FCA to respond to the remainder of the requests.

Plaintiff could otherwise have obtained,"[13] is too general and uncertain to overcome the clear efficiencies that will be fostered by a brief stay.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)      The motion to stay is granted.  All pretrial proceedings in this case, including new discovery and the filing of a motion for class certification, are stayed until further order of the court.

2)      Plaintiff's anticipated motion for class certification is due 14 days after any ruling on the motion for summary judgment that leaves class-claims at issue.

3)      Counsel shall confer and submit an updated Rule 26(f) planning report to the undersigned's chambers within 14 days of the later of (1) an order entering judgment on the potential class claims asserted against FCA (but leaving plaintiff's claim against Landers McLarty pending) or (2) a ruling on any class-certification motion.

Dated June 15, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[13] ECF No. 107 at 7.

O:\ORDERS\19-2724-EFM-103.docx