IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL MARKSBERRY, individually
and on behalf of a class of similarly situated
individuals,

    *Plaintiff,*

vs.

FCA US LLC f/k/a CHRYSLER GROUP
LLC,

    *Defendant.*

Case No. 19-2724-EFM-JPO

**MEMORANDUM AND ORDER**

    Plaintiff Michael Marksberry asserts four claims against Defendant FCA US LLC ("Chrysler"), including a Kansas Consumer Protection Act ("KCPA") claim, a Magnuson-Moss Warranty Act ("MMWA") claim, a breach of implied warranty of merchantability claim, and a claim or request for injunctive relief. Plaintiff also asserted a claim under the KCPA against Defendant Landers McLarty Olathe KS, LLC ("Olathe Dodge"). Plaintiff and Olathe Dodge, however, entered into a settlement agreement, and the parties filed a stipulation of dismissal.[1]

    Chrysler has now filed a Motion to Dismiss (Doc. 150) asserting that due to the settlement between Plaintiff and Olathe Dodge, Plaintiff no longer has an injury, and the case should be

---

[1] Doc. 147.

dismissed against Chrysler because it is moot. For the reasons stated in more detail below, the Court denies Chrysler's motion.[2]

## I.     Factual and Procedural Background

Plaintiff originally filed a Petition and an Amended Petition in state court against Defendants Chrysler and Olathe Dodge. Defendants removed the case to this Court on November 25, 2019. In the Amended Petition, Plaintiff alleges that he purchased a 2009 Dodge Ram 1500 ("Ram") on October 31, 2009, from Olathe Dodge. The Ram came with a Lifetime Powertrain Limited Warranty ("Warranty") which covered costs of all parts and labor needed to repair powertrain components defective in workmanship and materials.

In April 2016, Plaintiff noticed his Ram making strange ticking noises. On May 7, 2016, he brought it to Olathe Dodge for an inspection. Olathe Dodge found broken bolts in or on the exhaust manifold. On May 10, Plaintiff paid $1,323.53 to repair the bolts because Chrysler and/or Olathe Dodge would not honor the Warranty. At the time of the repair, the Ram had less than 56,000 miles.

The exhaust manifold issue was ongoing in 2009 Dodge Ram 1500 engines. On February 17, 2011, Chrysler sent a Technical Service Bulletin ("TSB") to all Chrysler, Dodge, and Jeep dealerships in the United States. Olathe Dodge received the TSB. It did not, however, inform Plaintiff of the TSB or mechanical issues despite Plaintiff routinely taking the Ram to Olathe Dodge for another four years. Plaintiff called Chrysler to inquire about the TSB and the exhaust manifold defects. Chrysler informed Plaintiff that it was up to Olathe Dodge to decide if the repairs

---

[2] Chrysler has three additional pending motions (Docs. 90, 118, and 143). Two of the motions seek review of United States Magistrate Judge O'Hara's decisions, and the third is a motion for summary judgment that is temporarily stayed. The Court will address these motions in a separate Order.

would be reimbursed. Plaintiff called Olathe Dodge, and Olathe Dodge told Plaintiff that it was up to Chrysler to decide if the repairs would be reimbursed. Neither Chrysler nor Olathe Dodge have reimbursed Plaintiff for the repair.

To maintain the lifetime warranty, the Warranty contains a provision requiring the covered person or entity to have a powertrain inspection performed once every 5 years. Plaintiff contends that Chrysler aggressively marketed its Warranty as a lifetime warranty but should have advertised it as a 5-year extendable warranty. Because Chrysler stated that it was a lifetime warranty, Plaintiff asserts that it was deceptive and fraudulent.[3]

On June 15, 2021, Plaintiff entered into a settlement agreement with Olathe Dodge and settled any and all claims with Olathe Dodge. Chrysler has now filed a Motion to Dismiss asserting that the Court lacks subject matter jurisdiction because Plaintiff's settlement with Olathe Dodge made Plaintiff whole and Plaintiff now lacks standing.

## II.  Legal Standard

"Federal courts are courts of limited jurisdiction."[4] Under Rule 12(b)(1), the Court may dismiss a complaint based on a lack of subject matter jurisdiction. Generally, a Rule 12(b)(1) motion takes one of two forms: a facial attack or factual attack.[5] "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the

---

[3] Plaintiff seeks to represent a class who purchased a vehicle, in the state of Kansas, from Chrysler and was provided a Warranty on or after October 31, 2009. Plaintiff originally sought nationwide class certification but dropped that request in response to Defendant Chrysler's Motion to Dismiss.

[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

complaint as true."[6]  A factual attack goes "beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations."[7]  A court therefore "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[8]

Standing requires a plaintiff to show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision."[9]  A plaintiff's standing is assessed at the time of filing his complaint.[10]  If, however, "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot."[11]  "[A] case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision."[12]

### III.    Analysis

Chrysler asserts that Plaintiff only pled one injury—$1,323.53 for a vehicle repair—in his Complaint.  Chrysler also contends that Plaintiff's settlement with Olathe Dodge makes Plaintiff

---

[6] *Holt*, 46 F.3d at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[7] *Id.* at 1003 (citing *Ohio Nat'l Life*, 922 F.3d at 325).

[8] *Id.* (citations omitted).

[9] *Fish v. Schwab*, 957 F.3d 1105, 1117 (10th Cir. 2020) (quotation marks and citations omitted).

[10] *Brown v. Buhman*, 822 F.3d 1151, 1164 (10th Cir. 2016).

[11] *Id.* at 1165 (quotation marks and citation omitted).

[12] *Id*. at 1166 (quotation marks and citation omitted).

whole, and the Court now lacks jurisdiction because Plaintiff is only entitled to a single recovery for a single injury regardless of how many defendants could be liable to him. Because Plaintiff settled with Olathe Dodge, Chrysler contends that Plaintiff no longer has an injury that is redressable by a favorable judicial decision. Thus, Chrysler contends that Plaintiff's claims are moot.

The Court concludes that Plaintiff still has standing to assert his claims against Chrysler. Plaintiff pleaded multiple forms of injury beyond the merely out-of-pocket vehicle cost which Chrysler ignores it its motion. Specifically, Plaintiff claims that Chrysler misrepresented the warranty as a lifetime warranty and because of Chrysler's failure to honor the warranty, his vehicle's value has been diminished. In addition, Plaintiff asserts an unspecified amount of damages. Finally, Plaintiff requests injunctive relief in the form of Chrysler honoring the lifetime warranty.[13]

Plaintiff still has an injury-in-fact despite his settlement with Olathe Dodge. In addition, his injury remains capable of being redressed. In fact, Chrysler is the only one who can redress Plaintiff's injury as it is Chrysler who provided the lifetime warranty. Thus, the Court finds that Plaintiff's claim is not moot, and he has standing to pursue his claims. Accordingly, Chrysler's motion is denied.

---

[13] Defendant's assertion that Plaintiff only alleged damages for the vehicle repair is contradicted by the Complaint itself.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 150) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2021.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT JUDGE