IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL MARKSBERRY, individually
and on behalf of a class of similarly situated
individuals,

    *Plaintiff,*

vs.

FCA US LLC f/k/a CHRYSLER GROUP
LLC,

    *Defendants.*

Case No. 19-2724-EFM-JPO

**MEMORANDUM AND ORDER**

Plaintiff Michael Marksberry brings four claims against Defendant FCA US LLC ("Chrysler"), including a Kansas Consumer Protection Act ("KCPA") claim, a Magnuson-Moss Warranty Act ("MMWA") claim, a breach of implied warranty of merchantability claim, and a claim or request for injunctive relief.[1]  Defendant is currently before the Court with two motions to review magistrate orders (Docs. 118, 143).  For the reasons stated below, the Court denies Defendant's motions.

---

[1] Plaintiff settled with the other Defendant, Landers McLarty Olathe KS, LLC ("Olathe Dodge"), and filed a Stipulation of Dismissal on July 12, 2021.

### I.     Factual and Procedural Background

Plaintiff alleges that he purchased a 2009 Dodge Ram 1500 ("Ram") on October 31, 2009, from Olathe Dodge, with a Lifetime Powertrain Limited Warranty ("Warranty") which covered costs of all parts and labor needed to repair powertrain components defective in workmanship and materials. The warranty was issued by Defendant Chrysler. In May 2016, Plaintiff brought his truck in for repair of the exhaust manifold. Neither Olathe Dodge nor Chrysler would honor the warranty.

The Warranty had a requirement that the covered person or entity obtain a powertrain inspection every five years. Plaintiff alleges that Chrysler aggressively marketed its Warranty as a lifetime warranty but should have advertised it as a 5-year extendable warranty. Because Chrysler stated that it was a lifetime warranty, Plaintiff asserts that it was deceptive and fraudulent.

In March 2021, Plaintiff noticed a Fed. R. Civ. P. 30(b)(6) deposition of Defendant Chrysler and provided a list of 13 deposition topics. The parties engaged in numerous meet-and-confer discussions prior to the deposition, resulting in the modification and limitation of certain deposition topics. The deposition of the corporate representative occurred on March 25, 2021.

After the deposition, Plaintiff filed a motion for sanctions against Defendant and to compel a second Rule 30(b)(6) deposition. He asserted that Defendant's corporate representative was unprepared to answer certain questions and Defendant's counsel made numerous improper objections. Defendant disagreed.

Magistrate Judge O'Hara issued an Order on May 26, 2021.[2] Judge O'Hara reviewed the parties' memoranda and significant portions of deposition testimony.[3] Ultimately, Judge O'Hara determined that Defendant's corporate representative was unprepared to answer two topics, and that Defendant's counsel made several improper speaking objections and repeated improper privilege objections. Judge O'Hara found, however, that although the deposition tactics were inappropriate, it did not rise to a level warranting oppressive sanctions. Thus, Judge O'Hara ordered the sanction of a two-hour follow-up Rule 30(b)(6) deposition on the topics listed in his order. In addition, Judge O'Hara required Defendant to reimburse Plaintiff for the costs of the second deposition. Defendant now seeks review of Judge O'Hara's May 26 Order.[4]

While Plaintiff's motion for sanctions was under advisement,[5] and during the following six-week period, the parties engaged in prolific motion practice and filed no less than nine motions.[6] Defendant filed a motion for summary judgment.[7] In response to that motion, Plaintiff filed a "Motion to Strike and/or Exclude the Declarations of Devin Smalley and Robert Quick or, in the Alternative, for Extension of Time."[8] In this motion, Plaintiff requested that the Court strike

---

[2] Doc. 108.

[3] The parties' previous briefing and exhibits exceeded 150 pages.

[4] Judge O'Hara's Order is stayed until the undersigned issues a ruling here. Doc. 123.

[5] The motion was fully briefed on April 26, 2021.

[6] Defendant filed seven motions, and Plaintiff filed two motions. Defendant also filed an additional motion to dismiss for lack of jurisdiction (Doc. 150) on July 16, 2021. The Court recently denied that motion in a separate Order.

[7] Doc. 90. This motion has not been fully briefed. In this Court's June 8, 2021 text order (ruling on Defendant's "Emergency Motion to Vacate June 4, 2021 Order"), the undersigned found that Defendant's first motion for review (Doc. 118) should be resolved prior to the continued briefing for summary judgment. Doc. 124. Thus, the summary judgment briefing was effectively stayed until the resolution of that motion.

[8] Doc. 101.

the Smalley and Quick declarations from consideration in this case, including with respect to Defendant's motion for summary judgment. In the alternative, Plaintiff requested additional time to respond to Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) so that he could depose the individuals and conduct any follow-up discovery. Defendant argued that Plaintiff's motion was "a sham."

Judge O'Hara ruled on Plaintiff's motion on June 11, 2021.[9] In this Order, he found that Defendant violated Fed. R. Civ. P. 26(a) and (e) by failing to disclose Smalley and Quick as witnesses. Finding the violation harmless under Fed. R. Civ. P. 37(c)(1), he denied the request to strike the witnesses. Judge O'Hara, however, granted Plaintiff leave to gather additional discovery related to these two witnesses and allowed a thirty-day timeframe to depose Smalley and Quick.[10] In addition, Judge O'Hara denied the alternative request for additional time to respond to the summary judgment motion as moot due to the undersigned's text entry order on June 8, 2021. Defendant now seeks review of Judge O'Hara's June 11, 2021 Order.[11]

## II.     Legal Standard

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary

---

[9] Doc. 127.

[10] On June 15, 2021 (four days after Judge O'Hara's ruling that Plaintiff could conduct limited additional discovery), Judge O'Hara granted Defendant's request to stay all pretrial proceedings in the case until the motion for summary judgment was decided. Doc. 128. It is unclear whether this stay impacted the additional discovery allowed for in the June 11 Order related to the depositions of Smalley and Quick.

[11] Defendant also filed a motion for reconsideration which Judge O'Hara denied by finding it "frivolous." Doc. 133.

to law."[12]  To be clearly erroneous, a decision must strike the court as "more than possibly or even probably wrong."[13]  Thus, the court is required to affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[14]

### III.   Analysis

**A.   May 26, 2021 Order**

Defendant objects to Judge O'Hara's May 26 Order in which he found that Defendant was unprepared to address Topic 2(g) and Topic 11.  Defendant also objects to the finding that Defendant's privilege assertions were improper and claims that its objections were valid.  In addition, Defendant objects to the sanction imposed—that Defendant must produce a deponent for a second two-hour Rule 30(b)(6) deposition and pay for it.  Finally, Defendant states that Judge O'Hara erred in not awarding or addressing Defendant's request for the fees it incurred in responding to Plaintiff's motion.

As to Topic 2(g), Defendant asserts that Judge O'Hara's ruling that its 30(b)(6) witness was unprepared is clearly erroneous because he did not consider the entirety of the deponent's testimony and the overall effect of it.  Judge O'Hara's order specifically stated that he had reviewed significant portions of the deposition transcript and the parties' memoranda.  It is apparent to the Court that Judge O'Hara did indeed review the deposition testimony as he made discrete rulings

---

[12] 28 U.S.C. § 636(b)(1)(A); *see also First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citation omitted); Fed. R. Civ. P. 72(a).

[13] *United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir. 2011) (citation omitted).

[14] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

with respect to discrete topics. And Judge O'Hara found that Defendant's corporate representative was unprepared to answer specific questions about the "when" and "how" of disclosing the inspection requirement to consumers.[15] The Court can find no error in Judge O'Hara's ruling.

As to Topic 11, Defendant argues that its deponent was prepared based on the information found in its records. Defendant also argues that Judge O'Hara's ruling that the deponent was unprepared because he did not know if the call was recorded is clearly erroneous. Defendant appears to argue that it would require too much preparation to determine whether a phone call was recorded while at the same time arguing that Plaintiff "only made a single phone call" to Defendant's customer care center. Judge O'Hara noted in the Order that it was undisputed that the only communication between Plaintiff and Defendant regarding the warranty was the single phone call and thus it was reasonable to have the corporate deponent prepared to answer questions about this communication (Topic 11). The Court agrees, and there is no error in this ruling.[16]

Unsurprisingly, Defendant also objects to Judge O'Hara's finding that Defendant's counsel engaged in improper objections during the deposition. Judge O'Hara found that Defendant's

---

[15] Defendant appears to be stating in its brief that it did not disclose the inspection requirement in its advertisements, and it has answered this question in the deposition. If this contention is true, Defendant's corporate representative needs to be fully prepared to answer this question in the follow-up deposition by stating that Defendant did *not* disclose the inspection requirement in *any* of its advertisements to consumers. If Defendant *did* disclose this inspection requirement, it should be prepared to fully answer "whether, when, and how, the inspection requirement was disclosed to consumers"—what Judge O'Hara ordered to be answered during the follow-up deposition. Furthermore, Defendant's contention that the second deposition will be wasteful of resources because Defendant already answered the topic will only be true if Defendant's 30(b)(6) deponent remains unprepared to answer the identified topic specifically and fully. Indeed, it appears as though Judge O'Hara's sanction of requiring Defendant to pay for the second deposition attempts to alleviate this problem.

[16] The Court also notes that Defendant stated in its brief on June 4, 2021, that it had found no recordings of the phone call and concluded that the call was not recorded. But Plaintiff states in his brief on June 18 that Defendant just confirmed (the day before) that the phone call was recorded. Considering that Defendant states that only one phone call occurred between Plaintiff and Defendant, this type of preparation (as to whether the phone call was even recorded) should have taken place prior to Defendant's 30(b)(6) deposition, and Defendant's corporate deponent should have been prepared to answer. These additional contentions and facts regarding the recording of the phone call only underscore how Defendant's corporate representative was unprepared for the deposition.

counsel made repeated, improper objections based on attorney-client privilege. Indeed, Judge O'Hara found that almost every assertion of attorney-client privilege made by Defendant's counsel was overbroad. He also noted that the caselaw in this district "provides a wealth of guidance as to what is—and is not—protected by attorney-client privilege." Finally, Judge O'Hara addressed five different categories of attorney-client privilege, explained why they were not privileged, and specifically noted that it had "examined each particular instance of privilege asserted in response to questions about [Defendant's] searches for discovery and finds none were appropriate." Finally, Judge O'Hara addressed Defendant's assertion that Plaintiff's questions violated the District of Kansas ESI Guidelines and found that the questions asked were not objectionable. The Court finds no error with regard to Judge O'Hara's thorough examination and ruling on Defendant's attorney-client privilege objections.

Judge O'Hara's findings regarding Topic 2, Topic 11, and improper attorney-client objections are not clearly erroneous or contrary to law. In addition, the limited sanction requiring Defendant to produce its 30(b)(6) deponent for a second two-hour follow-up deposition at Defendant's cost is entirely reasonable under the circumstances. Thus, the Court denies Defendant's motion.

Finally, the Court addresses Defendant's contention that Judge O'Hara erred because he failed to address or award Defendant's fees in having to respond to Plaintiff's motion. Although Plaintiff was not completely successful with his arguments, Judge O'Hara found several instances in which Plaintiff's motion for sanctions was justified (as indicated above). In fact, Judge O'Hara stated in his Order that Plaintiff's motion was "largely granted" because Defendant's deponent "was unprepared to give testimony on a few noticed topics" and because Defendant's "counsel did

assert improper objections." Thus, Defendant's request for fees is baseless, and there was no error in failing to address or award Defendant fees.

In sum, the Court denies Defendant's motion.

**B.      June 11, 2021 Order**

Defendant contends that Judge O'Hara's June 11 Order finding that Defendant violated Rule 26(a) and (e) is clearly erroneous and contrary to law. Defendant, however, agrees that the result was correct in that Judge O'Hara found the failure to disclose harmless and denied Plaintiff's request to strike the declarations. In addition, Defendant does not object to Judge O'Hara allowing the additional discovery. Ultimately, Defendant's counsel take issue with the fact that counsel may be viewed unfavorably because of Judge O'Hara's finding that counsel violated the federal rules.

Defendant fails to provide any valid reasons that Judge O'Hara's finding that Defendant violated Rule 26(a) and (e) is clearly erroneous or contrary to law.[17] This motion presents a case of counsel protesting too much. Accordingly, the Court denies Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Review of Magistrate Order of May 26, 2021 (Doc. 118) is **DENIED**. In addition, the stay imposed by the June 7, 2021 order (Doc. 123) is lifted, and the conditions set forth in the May 26, 2021 order (Doc. 108) that the parties meet to schedule the depositions are now operable. The Court will schedule a phone status conference shortly with the parties to determine how this affects the status of the pending summary judgment motion.

---

[17] Defendant's arguments are best described as hyper-technical, and they are a waste of judicial time and resources. The Court finds it unnecessary to go into detail and spend any additional time discussing Defendant's arguments.

**IT IS FURTHER ORDERED** that Defendant's Motion for Review of Magistrate Order of June 11, 2021 (Doc. 143) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of November, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE